UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                      Case No. 15-20411

Hakeim Murphy,                 Sean F. Cox
                                           United States District Court Judge

    Defendant.
_____/

## ORDER DENYING MOTION FOR COMPASSIONATE RELIEF BASED ON NEW EVIDENCE (ECF No. 44)

On May 15, 2020, the Court denied Defendant Hakeim Murphy's motion for compassionate release. (ECF No. 41). This denial was based on the Court's conclusion that Murphy had "not shown that there are extraordinary and compelling reasons to reduce his sentence, that his release would be consistent with applicable policy statements issued by the Sentencing Commission, or that the § 3553(a) sentencing factors favor his release." (ECF No. 41, PageID 335).

Murphy moved for reconsideration of the Court's May 15, 2020 Order, arguing that reconsideration was appropriate because the Honorable James S. Gwin, who is presiding over litigation related to the Bureau of Prisons's ("BOP") response to COVID-19 at FCI Elkton, found that the BOP had not fully complied with a preliminary injunction issued in that case. (ECF No. 42). The Court concluded that Judge Gwin's finding did not change its decision on Murphy's motion for compassionate release and denied Murphy's motion for reconsideration. (ECF No. 43).

1

On June 3, 2020, Murphy filed a second motion for compassionate release. (ECF No. 44). In it, Murphy details a series of events that, if true, are understandably troubling. According to Murphy, in late May 2020, he was tested for COVID-19. He was initially informed that his results came back as "inconclusive," but, days later, the BOP informed him that he had, in fact, tested positive. He was then quarantined in a gymnasium with other inmates who had tested positive. The next day, however, the BOP removed him from the gym because his test had actually been "inconclusive." Murphy was returned to his dormitory. But, three days later, the BOP reversed itself again, told Murphy that he had tested positive, and returned him to the gym, where he remains today. Murphy argues that the BOP's back-and-forth demonstrate that "intolerable conditions" exist at FCI Elkton, and that the BOP has still failed to comply with Judge Gwin's preliminary injunction.

The Government opposes Murphy's motion for compassionate release. (ECF No. 47). The Government confirms that Murphy tested positive for COVID-19, but asserts that, based on Murphy's most recent medical records, he is asymptomatic. The Government also argues that, to the extent Murphy's motion is based on his COVID-19 infection, he has not filed a request for compassionate release raising that basis with the BOP, and therefore has not exhausted his administrative remedies.

Because the Court concludes that oral argument will not aid the decisional process, the Court will decide the motion on the parties' briefing. E.D. Mich. LCrR 12.1(a); LR 7.1(f)(2). The Court denied Murphy's previous motion for compassionate release for three independently sufficient reasons: (1) there were no extraordinary and compelling reasons to reduce his sentence; (2) his release would not be consistent with applicable policy statements issued by the Sentencing

2

Commission; and (3) the § 3553(a) sentencing factors did not favor his release. Murphy's current motion offers no reasons to change any of those conclusions. Although Murphy might have legitimate concerns over how the BOP handled his COVID-19 testing and quarantining, the Court is not convinced that the proper remedy is releasing Murphy to be confined at home with his immunocompromised wife, especially given the Court's prior conclusion that "[c]utting his below-Guidelines sentence nearly in half would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of the defendant." (ECF No. 41, PageID 334).

Thus, for many of the reasons articulated in the Court's May 15, 2020 Opinion and Order (specifically the reasons articulated in Section II.E of that Opinion and Order), the Court **DENIES** Murphy's Motion for Compassionate Release Based on New Evidence. (ECF No. 44).

**IT IS SO ORDERED**.

> s/Sean F. Cox
> Sean F. Cox
> United States District Judge

Dated:  June 22, 2020